Robert S. Payne, Bar No. 08629
Lincoln Law Center, LLC
Attorney for Debtor(s)
921 West Center Street
Orem, Utah 84057
Telephone: (801) 224-8282

IN THE UNITED STATES BANKRUPTCY COURT FOR THE

DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| In Re:<br><br>JORDAN REED LINFORD and<br>LINSEY KOPLIN LINFORD,<br><br>Debtors. | ANSWER TO PLAINTIFF'S COMPLAINT OBJECTING TO DISCHARGE<br><br><br>Bankruptcy No. 10-27849 |
| SEARCH MARKETING, INC., a Utah corporation,<br><br>vs.<br><br>JORDAN REED LINFORD,<br><br>Defendant. | Adversary Proceeding No. 10-02788 |

Comes now the Debtor/Defendant, Jordan Reed Linford, (hereinafter referred to as "Defendant" and/or "Debtor"), by and through his Attorney of Record, specifically Robert S. Payne, and pursuant to the Federal Rules of Civil Procedure and all other applicable portions of United States Bankruptcy Code and Rules, and hereby admits, denies, or otherwise responds to the numbered paragraphs of Plaintiff's Complaint Objecting to Discharge on file herein as follows:

1. Admit the allegations of Paragraphs 1-9.

2. Deny the allegations of Paragraph 10.

3. Deny the allegations of Paragraphs 11-35.

4. Deny Paragraphs 36-87 of Plaintiff's Claims for Relief.

5. Defendant denies each and every allegations in Plaintiff's Complaint not specifically admitted herein.

*********************************************************
AS SEPARATE AND AFFIRMATIVE
DEFFENSES TO THE COMPLAINT, AND TO THE
ALLEGED CAUSE OF ACTION CONTAINED
THEREIN, THESE ANSWERING DEFENDANTS ALLEGE:
*********************************************************

### FIRST AFFIRMATIVE DEFFENSE

The Plaintiff's Complaint, and each and every purported claim for relief therein, fails to state facts sufficient to constitutes a cause of action, or any cause of action, against this answering Defendant. The Defendant affirmatively asserts that the allegations within the complaint are deficient in meeting the rudimentary pleading elements, and are otherwise insufficient to satisfy the requirement of any cause of action under 11 U.S.C. 523(a)(2) under the applicable legal standards adopted by the 10th Circuit.

### SECOND AFFIRMATIVE DEFENSE

Fraud Must be Particularly Pled: Plaintiff's pleading is vague and lacks the particularity required by Bankruptcy Rule 7009(9). The Complaint fails to meet the fundamental tests of properly pleading fraud under Rule 9(b), Fed. R. Civ. P. The Complaint also fails to state allegations of fact sufficient in particularity and clarity to fairly and reasonably advise the Debtor/ Defendants of the "circumstances constituting fraud." Rule 9(b) F. R. Civ. P. see: In re Edmonds, 924 F. 2d 176, 180 (10th cir. 1991) (Fed. R. Bankr. P. 7009, incorporating Fed. R. Civ. P. 9(b)(1), requires that fraud be alleged with particularity, including allegations of the "time, place and contents of the false representations, the identify of the party making the false statement and the consequences thereof'); In re Stone, 1984 Bankr. LEXIS 4472 (bky. D. Utah1984)(Section 523 requires that fraud be pled with particularity); In re Eilertsen,

2003 Bankr. LEXIS 324 (Bky. D. Utah 2003)(fraud must be pled with particularity under R. 7009).

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to aver sufficient allegations to set forth a cause of action under any of the portions of 523(a)(2). Under the general portions of 523(a)(2)(A), or (B), the Plaintiff has failed to satisfy the *prima facie* elements of such provisions. Under 523(a)(2)(C), Plaintiff has miscalculated and erred in calculation of the applicable time limitations.

### FOURTH AFIRMATIVE DEFENSE

It is anticipated that a substantial portion, if not all, of the referenced expenditures with in the Complaint will not necessarily qualify as "luxury goods and services" as specifically defined under 523(a)(2)(C)(ii)(II).

### FIFTH AFFIRMATIVE DEFENSE

Defendants affirmatively assert that as dictated through equitable principles, and consistent with 11 U.S.C. 523(d), given the totality of the circumstance surrounding the present case, no substantial justification exists for the Plaintiff's commencement of the present litigation. Thus, it is proper and just that the Defendant be found to be entitled to recoupment of all legal fees and expenses incurred through defense of the present action. It is inappropriate that the answering Defendant be held responsible for payment of the legal fees and expenses associated with defending the present litigation; and therefore, the Plaintiff should be held accountable to compensate Defendants for all such expenses incurred pursuant to 11 U.S.C. 523(d).

### SIXTH AFFIRMATIVE DEFENSE

It is inappropriate that the answering Defendant be held responsible for payment of the legal fees and expenses associated with defending the present litigations; and therefore, the Plaintiff should be held accountable to compensate Defendant for all such expenses incurred pursuant to all applicable federal and Utah State Statutes, including but not limited to, 11 U.S.C. 523(d), U.C.A. 78-27-56, U.C.A. 78-27-56.5, and under equitable and common law principles of justice.

### SEVENTH AFFIRMATIVE DEFENSE

The allegations set forth in Plaintiff's complaint are insufficient to meet even the minimum standards applicable to notice pleading in general. The basic prerequisite elements to the applicable legal standards relevant to the purported cause of action are all deficient in setting forth sufficient facts to satisfy putting the Defendant on notice as to what conduct and charges are being claimed to support the Plaintiff's claims.

## EIGTH AFFIRMATIVE DEFENSE

The present adversary action is not well grounded in fact, has been asserted without sufficient investigation into the matter, and is otherwise being brought solely for improper purposes to harass, cause unnecessary delay, and/or needlessly increase the cost of litigation and administration of the Debtor's bankruptcy case. Thus, it is appropriate that the court impose appropriate sanctions under Bankruptcy Rule 9011, and other procedural guidelines, against the Plaintiff to compensate the Debtor/Defendant for the additional expenses, plus an additional amount to assure that Plaintiff does not repeat such conduct in the future.

## NINTH AFFIRMATIVE DEFENSE

Defendant has conducted himself in all respects, reasonably, with due diligence and in good faith in the observance of any duties which he may have owed to the Plaintiff herein. Any and all alleged statements, actions, or conduct attributed to the answering Defendant, it made, were truthful and made in good faith, honestly, and not maliciously.

## TENTH AFFIRMATIVE DEFENSE

Any alleged actions of the Defendant in the present matter do not rise to the legal standards identified within the U.S. Bankruptcy Code which would be applicable to satisfy any claimed exception of the debt (if any) owed to the Plaintiff from being discharged in the underlying bankruptcy case.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to add such further and other defenses as may be applicable on the basis of the facts to be determined through full and complete discovery.

**WHEREFORE**, having fully responded to the allegations contained within Plaintiff's Adversary Complaint, the Defendant, JORDAN REED LINFORD, respectfully prays that the court enter an order:

1. Dismissing Plaintiff's adversary proceeding, including each and every cause of action set forth therein, with prejudice;
2. Awarding Defendant his cost and attorney's fees incurred in defense hereof; in an amount to be no less than FIVE THOUSAND DOLLARS AND NO CENTS ($5,000.00), or such further amount as proven through the evidentiary process; plus an additional amount pursuant to 11 U.S.C. 532(d), Bankruptcy Rule 9011, 11 U.S.C. 105, and other procedural bases, as a punitive sanction to assure such conduct does not occur in the future by the Plaintiff or its Counsel, and
3. For such other and further relief as the court deems just and appropriate under the premises.

RESPECTFULLY SUBMITTED AND DATED this 28TH day of September, 2010.

/s/ Robert S. Payne
Robert S. Payne
Attorney for Debtor/Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that this 28t$^h$ day of September, 2010, I caused a true and correct copy of he foregoing Answer to Plaintiff's Adversary Complaint was duly served upon the following, by depositing a copy of the same in the United States Postal Service, first-class postage pre-paid and addressed as follows, or as otherwise indicated:

Jeremy C. Sink
McKay, Burton & Thurman
170 S. Main, Suite 800
Salt Lake City, UT 84101

Chapter 7 Trustee Philip Jones
(Via ECF)

United States Trustee
405 South Main St., Suite 300
Salt Lake City, UT 84111                    (Via ECF)

Jordan Reed Linford
1240 W 1295 S.,
Orem, 84058